FILED'09 JAN 14 12:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KYLLO PENN,

Defendant.

06-CR-392-BR

OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**PAMALA R. HOLSINGER**
**SCOTT M. KERIN**
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

Attorneys for Plaintiff

**THOMAS K .COAN**
Attorney at Law
1001 S.W. 5th Ave., Suite 1400
Portland, OR 97204
(503) 221-8736

Attorney for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Kyllo Penn's Motion (#135) for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Motion (#136) Pursuant to U.S.S.G. § 1B1.10(b)(2)(A) to Apply the Advisory Guideline Instead of the Mandatory 100-to-1 Ratio Crack to Powder.

Defendant argues the Court used the "100-to-1 Ratio Crack to Powder" base offense level of 34 that was in effect before November 1, 2007, when the Court determined Defendant's advisory guideline range and ultimate sentence for his Conspiracy to Distribute Cocaine conviction. Because United States Sentencing Guideline (U.S S.G.) § 2D1.1(c) was amended effective November 1, 2007, to reduce the base offense level to 32 for the type of conviction Defendant sustained, Defendant contends the Court should resentence based on the amendment. As explained below, however, the Court determined its sentence from all of the relevant factors set forth in 18 U.S.C. § 3553(a), including a guideline range that was based on the November 1, 2007, amendment to U.S.S.G. § 2D1.1(c), which produced the original base offense level of 32. Accordingly, the Court **DENIES** Defendant's Motions.

**DISCUSSION**

In a Second Superseding Indictment dated July 31, 2007, a federal grand jury indicted Defendant with one count of

Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846; two counts of Distribution of 5 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of Distribution of a Mixture Containing Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); one count of Distribution of 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); one count of Distribution of 5 Grams or More of a Mixture Containing Cocaine Base in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and one count of Wire Fraud in violation of 18 U.S.C. § 1343.

Effective November 1, 2007, an amendment to U.S.S.G. § 2D1.1(c) reduced from 34 to 32 the base offense level listed on the drug-quantity table for the type of cocaine base offense for which Defendant was charged in this case. Pursuant to a Plea Agreement, Defendant pled guilty on November 5, 2007, to one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base and one count of Wire Fraud. As to the Conspiracy to Distribute Cocaine count, Paragraph 6 of the Plea Agreement provides:

> The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a) is more than

> 150 grams but less than 500 grams of cocaine base, also known as crack cocaine, for a Base Offense Level of 32, prior to adjustments. The parties agree that a two-level upward adjustment under Guideline § 3B1.1(c) is appropriate based upon defendant's aggravating role in the offense. The adjusted offense level is 34. *(This accounts for the amendments to the sentencing guidelines effective November 1, 2007).*

(Emphasis added.) Paragraph 8 of the Plea Agreement also reflects the parties' agreement that "the appropriate sentence in this case is 188 months' imprisonment."

Consistent with the parties' Plea Agreement, the Presentence Report recommended a base offense level of 32 before any adjustments. As noted, before November 1, 2007, the base offense level for the same quantity of cocaine would have been 34 before adjustments. After adjustments not pertinent to Defendant's present Motion, the Presentence Report indicated Defendant's total offense level was 32, which, at Criminal History Category III, produced an advisory guideline range of 151-188 months.

At sentencing, the Court adopted the guidelines analysis of the parties and the Presentence Report writer and determined Defendant's base offense level was 32 before any adjustments and after the November 1, 2007, amendment to the sentencing guidelines. The Court ultimately concluded Defendant's total offense level was 32 after the appropriate adjustments not relevant to this Motion. In the exercise of its discretion and

after consideration of all of the § 3553(a) factors, the Court sentenced Defendant to 188 months on the Conspiracy to Distribute Cocaine count and to a concurrent 188-month term on the Wire Fraud count. The Court notes the sentence was at the high end of the correctly calculated guideline range and was the same sentence the parties agreed was appropriate in their Plea Agreement.

In his separate Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Defendant again argues the Court used the base offense level (34) that was in effect before November 1, 2007, when determining Defendant's guideline range. As explained above, however, Defendant is incorrect. The Court based its sentence on all of the relevant factors set forth in 18 U.S.C. § 3553(a), including a guideline range based on the November 1, 2007, amendment to U.S.S.G. § 2D1.1(c), which produced the original base offense level of 32.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#135) for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Motion (#136) Pursuant to U.S.S.G. § 1B1.10(b)(2)(A) to Apply the Advisory Guideline Instead of the

Mandatory 100-to-1 Ratio Crack to Powder.

IT IS SO ORDERED.

DATED this 12th day of January, 2009.

Anna J. Brown

ANNA J. BROWN
United States District Judge