FILED '09 NOV 16 16:35 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 06-CR-392-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KYLLO PENN, | |
| Defendant. | |

KENT S. ROBINSON
Acting United States Attorney
PAMALA R. HOLSINGER
SCOTT M. KERIN
Assistant United States Attorneys
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

KYLLO PENN
55887-065
Federal Correctional Institution
Quarters, NB
P.O. Box 7007
Marianna, FL 32447-7007

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Kyllo Penn's Motion (#148) to Amend Fine and Restitution Pursuant to 18 U.S.C. §§ 3572(d) and 3663(f)(1).

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DIRECTS** the Clerk to transfer this matter to the Northern District of Florida for further proceedings.

## BACKGROUND

In a Second Superseding Indictment dated July 31, 2007, a federal grand jury indicted Defendant on one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846; two counts of Distribution of Five Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of Distribution of a Mixture Containing Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); one count of Distribution of 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); one count of Distribution of 5 Grams or More of a Mixture Containing Cocaine Base in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and one count of Wire Fraud in violation of 18 U.S.C. § 1343.

2 - OPINION AND ORDER

Pursuant to a Plea Agreement, Defendant pled guilty on November 5, 2007, to one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base and one count of Wire Fraud.

On September 23, 2008, the Court sentenced Defendant to 188 months imprisonment on the Conspiracy to Distribute Cocaine count and to a concurrent 188-month term imprisonment on the Wire Fraud count.

On July 16, 2009, Defendant filed a Motion to Amend Fine and Restitution Pursuant to 18 U.S.C. §§ 3572(d) and 336(f)(1) in which he challenges the Florida Bureau of Prisons (BOP) officials' "authority to determine the amount and timing of the fine" and, therefore, appears to seek an order enjoining Florida BOP officials from collecting his restitution payments pursuant to the Inmate Financial Responsibility Program (IFRP).

## DISCUSSION

Defendant asserts only the Court has the authority to set a schedule of restitution payments while an inmate is in prison and that authority cannot be delegated to the BOP. *See United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005). As noted, Defendant challenges the Florida BOP officials' "authority to determine the amount and timing of the fine" and, therefore, appears to seek an order enjoining Florida BOP officials from collecting his

3 - OPINION AND ORDER

restitution payments pursuant to the IFRP.

The government, however, contends this Court lacks jurisdiction over Defendant's Motion.  Specifically, the government asserts Defendant's Motion challenges the conditions of his confinement and, therefore, must be construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and brought in the United States District Court for the Northern District of Florida where he is incarcerated.

"Generally, motions . . . that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(citations omitted). Courts have concluded a defendant's challenge to participation in the IFRP program is a challenge to the execution of his sentence and, therefore, is cognizable under § 2241. *See, e.g., Geiger v. Fed. Bur. of Prisons*, 487 F. Supp. 2d 1155, 1160 n.8 (C.D. Cal. 2007)(citing *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)(challenge to IFRP as improper intrusion on sentencing court's authority may be brought under § 2241); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002)("The . . . claims of the petitioners challenging the IFRP's payment schedule for their respective financial obligations . . . concern the execution of [their] sentence[s], and are therefore correctly framed as § 2241 claims brought in the district where the

sentence is being carried out."); *Mujahid v. Crabtree*, 999 F. Supp. 1398, 1401-04 (D. Or. 1998)(a § 2241 petition is proper when petitioner, who declined to participate in IFRP, challenges IFRP requirements as conflicting with sentence and usurpation of judicial authority).

This Court finds Defendant's Motion concerns the execution of his sentence and, therefore, is properly construed as a Petition for Habeas Corpus under § 2241. As noted, however, a Petition pursuant to § 2241 must be brought in the "custodial court." *Hernandez*, 204 F.3d at 864. The Court, therefore, concludes it lacks jurisdiction over this matter because Defendant must bring his claim based on the execution of his sentence under § 2241 in the Northern District of Florida. Accordingly, the Court transfers this matter to the Northern District of Florida where Defendant is incarcerated for further proceedings.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#148) to Amend Fine and Restitution Pursuant to 18 U.S.C. §§ 3572(d) and 3663(f)(1). The Court **DIRECTS** the Clerk of Court to transfer this matter to the Northern District of Florida for

further proceedings.

IT IS SO ORDERED.

DATED this 17th day of November, 2009.


ANNA J. BROWN
United States District Judge