IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:06-CR-00392-BR |
|        Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **KYLLO PENN,** | |
|        Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**PAMALA R. HOLSINGER**
**SCOTT M. KERIN**
**GREGORY R. NYHUS**
Assistant United States Attorneys
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**KYLLO PENN**
55887-065
FCI-LOMPOC
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Kyllo Penn's Petition (#165) for a Writ of *Coram Nobis* Pursuant to All Writs Act 28 U.S.C. 1651 and Motion (#164) to Amend 750 Modification of Sentence under 28 U.S.C. 3582(c)(2). For the reasons that follow, the Court **DENIES** Defendant's Motions.

## BACKGROUND

In a Second Superseding Indictment dated July 31, 2007, a federal grand jury indicted Defendant on one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846; two counts of Distribution of Five Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of Distribution of a Mixture Containing Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); one count of Distribution of 50 Grams or More of a Mixture Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); one count of Distribution of 5 Grams or More of a Mixture Containing Cocaine Base in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and one count of Wire Fraud in violation of 18 U.S.C. § 1343.

On November 5, 2007, the Court held a hearing at which

Defendant entered a guilty plea pursuant to a Plea Agreement on one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base and one count of Wire Fraud.  The Plea Agreement provided, among other things that

> **Waiver of Appeal/Post-Conviction Relief:**
> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence . . . .  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.
>
> * * *
>
> **Forfeiture:**  Defendant agrees to completely and truthfully disclose to law enforcement officials, prior to sentencing, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property or assets of any kind valued at over $5,000 in the possession of defendant or nominees, derived from or acquired as a result of, or involved in, or used to facilitate the commission of defendant's illegal activities.
>
> Defendant further agrees to submit to a polygraph examination on the issue of assets, with an examiner selected by the USAO.
>
> * * *
>
> If defendant fails the polygraph given by two examiners, the defendant agrees to the entry of a personal money judgment against him in the amount of $50,000 representing proceeds of drug trafficking which is subject to forfeiture pursuant to 21 U.S.C. § 853.
>
> Defendant agrees . . . forfeiture of the defendant's assets shall not be treated as

3 - OPINION AND ORDER

> satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.
>
> * * *
>
> Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution.

At the November 5, 2007, hearing, the Court engaged in a colloquy with Defendant to ensure that he was knowingly and voluntarily pleading guilty and to review with him the consequences of his plea generally and as provided in the Agreement. After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted Defendant's plea pursuant to the terms of the Plea Agreement.

On January 29, 2008, the Court sentenced Defendant to 188 months imprisonment on the Conspiracy to Distribute Cocaine count, to a concurrent 188-month term imprisonment on the Wire Fraud count, and to five years of supervised release. The Court also ordered Defendant to forfeit $50,000. On January 31, 2008, the Court entered a Judgment and Commitment. On January 31, 2008, the Court also entered a Preliminary Order of Forfeiture and Final Order of Forfeiture ordering Defendant to forfeit proceeds in the amount of $50,000.

On April 11, 2008, and September 23, 2008, the Court held hearings as to the amount of final restitution. On September 23,

4 - OPINION AND ORDER

2008, the Court entered a Second Amended Judgment imposing restitution in the amount of $84,323.52.

On October 31, 2008, Defendant filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and a Motion Pursuant to U.S.S.G. § 1B1.10(b)(2)(A) to Apply the Advisory Guideline Instead of the Mandatory 100-to-1 Ratio Crack to Powder.  On January 14, 2009, the Court entered an Opinion and Order denying Defendant's Motions.

On July 16, 2009, Defendant filed a Motion to Amend Fine and Restitution.  On November 18, 2009, the Court entered an Opinion and Order construing Defendant's Motion as one for habeas relief under 28 U.S.C. § 2241 and dismissing it for lack of jurisdiction because Defendant was not in custody in the District of Oregon.[1]

On August 15, 2011, Defendant filed a renewed Motion for A Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).  On November 1, 2011, Defendant refiled that Motion as a Motion to Reduce Sentence/Fair Sentencing Act and sought a reduction in his sentence based on newly promulgated amendments to the Drug Quantity Table on crack cocaine effective November 1, 2011.  The government and defense agreed Defendant's sentence should be based on the reduced advisory guideline range of 97-121 months.  On November 2, 2011, the Court entered an

---

[1] The record does not reflect whether Defendant pursued relief in Florida where he was in custody.

5 - OPINION AND ORDER

Opinion and Order granting Defendant's Motions and reducing Defendant's sentence to 121 months.

On October 1, 2012, Defendant filed a Petition for Writ of *Coram Nobis* Pursuant to All Writs Act 28 U.S.C. 1651.  On October 3, 2012, Defendant filed a Motion to Amend 750 Modification of Sentence under 28 U.S.C. 3582(c)(2).  The Court took those Motions under advisement on November 14, 2012.

### **PETITION FOR WRIT OF *CORAM NOBIS* PURSUANT TO ALL WRITS ACT 28 U.S.C.1651**

In his Petition for Writ of *Coram Nobis* Defendant seeks to set aside his conviction on the grounds that (1) the forfeiture proceedings were procedurally defective, (2) the government impermissibly used GPS tracking devices in the course of obtaining the federal wiretap, and (3) his trial counsel was ineffective for failing to raise these issues.

**I.  *Coram Nobis* is not an appropriate means to challenge Defendant's sentence.**

"The writ of error *coram nobis* affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence."  *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994)(citing *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989)).

> The petition fills a very precise gap in federal criminal procedure.  A convicted defendant in federal custody may petition to have a sentence or

>      conviction vacated, set aside or corrected under
>      the federal habeas corpus statute, 28 U.S.C.
>      § 2255.  However, if the sentence has been served,
>      there is no statutory basis to remedy the
>      lingering collateral consequences of the unlawful
>      conviction.  Recognizing this statutory gap, the
>      Supreme Court has held that the common law
>      petition for writ of error *coram nobis* is
>      available in such situations.

*Id.* (citations omitted).

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review [through *coram nobis*] should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."  *Woykovsky v. United States*, 309 F.2d 381, 385 (9th Cir. 1962)(quotation omitted).

The record reflects Defendant has not fully served his sentence.  Accordingly, the writ of *coram nobis* is not available to Defendant to challenge his sentence at this time.

**II.  Other means of collateral attack**

The government suggests in its Opposition that Defendant may be seeking to file a writ of *audita querela*, a means of collaterally attacking a sentence that is available to individuals who have not completed their sentence.  As the government points out, however, the Ninth Circuit has made clear that "'a federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of *audita querela* if the requested relief can be obtained under [28 U.S.C.] § 2255.'"

7 - OPINION AND ORDER

*United States v. Chavez-Cuevas*, 445 F. App'x 978, 978 (9th Cir. 2011)(quoting *United States v. Gamboa*, 608 F.3d 492, 492 (9th Cir. 2010)). "The fact that a section 2255 motion may have been untimely does not make the writ of *audita querela* available to" a defendant. *Id*. Similarly, the writ of *audita querela* is not available when a defendant is precluded from raising a second or successive § 2255 claim. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

Here relief for Defendant as to the claims he is now raising may have been available to him under § 2255. The fact that Defendant waived his right in the Plea Agreement to collaterally attack his sentence under § 2255 does not make the writ of *audita querela* available. In addition, although Defendant did not waive his right to collaterally attack his sentence on the ground of ineffective assistance of counsel, Defendant failed to file a petition for relief under § 2255 on that basis, and his time to do so has now lapsed. *See* 28 U.S.C. § 2255(f)("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the . . . date on which the judgment of conviction becomes final."). As noted, the Ninth

8 - OPINION AND ORDER

Circuit has held "[t]he fact that a section 2255 motion may have been untimely does not make the writ of *audita querela* available to" a defendant.  *Chavez-Cuevas*, 445 F. App'x at 978.

Accordingly, the Court denies Defendant's Petition for a Writ of *Coram Nobis* Pursuant to All Writs Act 28 U.S.C. 1651.

### MOTION (#164) TO AMEND 750 MODIFICATION OF SENTENCE UNDER 28 U.S.C. 3582(C)(2)

In his Motion to Amend Defendant seeks a further reduction in his sentence pursuant to *Dorsey v. United States*, 132 S. Ct. 2321 (2011).  In *Dorsey* the Supreme Court summarized the issue and its ruling as follows:

> Federal statutes impose mandatory minimum prison sentences upon those convicted of federal drug crimes.  These statutes typically base the length of a minimum prison term upon the kind and amount of the drug involved.  Until 2010, the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine.  It imposed, for example, the same 5-year minimum term upon (1) an offender convicted of possessing with intent to distribute 500 grams of powder cocaine as upon (2) an offender convicted of possessing with intent to distribute 5 grams of crack.
>
> In 2010, Congress enacted a new statute reducing the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1.  Fair Sentencing Act [FSA], 124 Stat. 2372.  The new statute took effect on August 3, 2010.  The question here is whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but *were not sentenced until after* August 3.  We hold that the new, more lenient mandatory minimum provisions do apply to

9 - OPINION AND ORDER

those pre-Act offenders.

*Id*. at 2325-26 (emphasis added).

Defendant committed the crime of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base before August 3, 2010. Defendant, however, was sentenced in 2008, which is two years before August 2010. *Dorsey*, therefore, does not apply to Defendant. Nevertheless, even though *Dorsey* did not apply to Defendant, the Court in its November 2, 2011, Opinion and Order adjusted Defendant's sentence downward to 121 months to reflect the effect of the FSA.

Defendant contends in his Reply that he also seeks further modification of his sentence because he has engaged in "post-sentencing rehabilitative efforts."

"The court may not modify a term of imprisonment once it has been imposed" absent specific circumstances. 18 U.S.C. § 3582(c). Those circumstances are not present here. Nevertheless, Defendant points to *Pepper v. United States*, 131 S. Ct. 1229 (2011), to support his contention that the Court may modify his term of imprisonment based on his alleged post-sentencing rehabilitation. In *Pepper* the Supreme Court held

> when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in

>   appropriate cases, support a downward variance
>   from the advisory Guidelines range.

*Id.* at 1241. Defendant's sentence, however, has not been set aside on appeal nor has his case been remanded for resentencing. The rule in *Pepper*, therefore, does not apply in this instance. Defendant does not point to any other basis on which the Court could or should reopen and modify his sentence.

Accordingly, the Court denies Defendant's Motion to Amend 750 Modification of Sentence under 28 U.S.C. 3582(c)(2).

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Petition (#165) for a Writ of *Coram Nobis* Pursuant to All Writs Act 28 U.S.C. 1651 and Motion (#164) to Amend 750 Modification of Sentence under 28 U.S.C. 3582(c)(2).

IT IS SO ORDERED.

DATED this 10th day of January, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER